﻿Citation Nr: AXXXXXXXX
Decision Date: 12/17/18 Archive Date: 12/17/18

DOCKET NO. 180720-632
DATE: December 17, 2018
ORDER
Service connection for obstructive sleep apnea as due to major depressive disorder is granted.
FINDING OF FACT
Resolving reasonable doubt in the Veteran’s favor, his obstructive sleep apnea is aggravated beyond its natural progression by his service-connected major depressive disorder. 
CONCLUSION OF LAW
The criteria for service connection for obstructive sleep apnea as due to major depressive disorder have been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).
REASONS AND BASES FOR FINDING AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran served on active duty from September 1990 to November 1997. On March 9, 2018, VA received the Veteran’s opt-in selection of a higher-level review of his appeal through RAMP. In a June 2018 rating decision, the higher-level reviewer denied the Veteran’s appeal. In July 2018, the Veteran requested a direct review of his appeal by the Board. Consequently, this case comes before the Board of Veterans’ Appeals (Board) on appeal from the June 2018 rating decision by the Department of Veterans Affairs (VA). 
The issues of entitlement to an increased rating for the Veteran’s major depressive disorder and entitlement to a total disability rating based on individual unemployability (TDIU) are not addressed in this decision. Those two issues have been separately appealed and certified to the Board. As a result, they are ineligible for adjudication under RAMP.
As the current appeal stems from the Veteran’s initial selection of the higher-level review, in which he acknowledged that the review will be based upon the evidence submitted to VA as of the date of that election, only evidence through the date of the March 2018 opt-in election form will be considered.
The Board acknowledges that VA sent letters to the Veteran on consecutive days in October. The first letter indicated that the Veteran had elected the RAMP hearing docket and the second letter indicated that the Veteran had elected the RAMP direct docket. A review of the claims file clearly indicates that the Veteran never elected the hearing docket and that the first letter was in error. As a result, the Board will proceed with adjudication.
The Veteran submitted evidence during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. The Veteran may submit this evidence, along with a Supplemental Claim. If the new evidence is relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision.
Service Connection
Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).
VA must give due consideration to all pertinent medical and lay evidence in a case where a veteran is seeking service connection. 38 U.S.C. § 1154(a). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the veteran. 38 U.S.C. § 5107(b).
Service connection may be granted, on a secondary basis, for a disability, which is proximately due to, or the result of an established service-connected disorder. 38 C.F.R. § 3.310. Additionally, when aggravation of a Veteran’s nonservice-connected condition is proximately due to or the result of a service-connected condition, the Veteran shall be compensated for the degree of disability over and above the degree of disability existing prior to the aggravation. Id.; Allen v. Brown, 7 Vet. App. 439 (1995).
1. Service connection for obstructive sleep apnea, to include as due to major depressive disorder
The Veteran contends that his obstructive sleep apnea is secondary to his major depression condition. Resolving reasonable doubt in the Veteran’s favor, the Board agrees that secondary service connection is warranted.
In October 2017, the Veteran’s psychiatrist opined that it is at least as likely as not that the Veteran’s major depressive disorder was aggravated by his major depressive disorder. The psychiatrist stated that a large cohort study found an association, or comorbidity, between psychiatric disorders and sleep apnea. Although one condition does not cause the other, both can aggravate each other. Notably, the cohort studied was a database of more than four million veterans. 
The Board acknowledges the January 2018 VA examiner opined that the Veteran’s obstructive sleep apnea is less likely than not aggravated by his psychiatric condition. The examiner explained that obstructive sleep apnea is a structural condition that occurs as a result of relaxed muscles in the back of the throat. When the muscles relax, the airway narrows or closes as a person breathes in and cannot get an adequate breath in. The brain senses the inability to breathe and rouses the person from their sleep to reopen the airway. However, the VA examiner failed to address the contentions put forth by the Veteran’s psychiatrist. Specifically, the examiner did not remark on the significant correlation found between psychiatric disorders and sleep apnea. The examiner also did not sufficiently explain why a structural disorder like sleep apnea cannot be aggravated by other disorders. 
 
Consequently, resolving reasonable doubt in the Veteran’s favor, the Board finds that service connection for the Veteran’s obstructive sleep apnea as due to major depressive disorder is warranted. In so reaching the above conclusion, the Board has appropriately applied the benefit of the doubt doctrine in this case. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.
 
B.T. KNOPE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Borman, Associate Counsel